IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS JEROME FUSELIER,

            Plaintiff,                       ORDER

    v.                                               13-cv-650-bbc

LA CROSSE COUNTY JAIL,

            Defendant.

---

       In an order entered in this case on September 16, 2013, plaintiff was told that before the court could consider his request to proceed *in forma pauperis* he would have to submit an inmate account statement covering the six-month period preceding the filing of his complaint so that I could assess an initial partial payment of the $350 fee for filing this case. Plaintiff's initial partial payment cannot be calculated at this time because he has not submitted the requested inmate account statement.

       In response to the September 16 order, plaintiff has instead submitted bank account statements. However, 28 U.S.C. § 1915(a)(2) is very clear on the matter. This court needs his inmate account statement, not his bank account statements. It may be that plaintiff's inmate account statement does not cover the entire six-month period preceding the filing of his complaint (March 9, 2013 to September 9, 2013); from a review of his bank statements, his inmate account statement may only cover a one- or two-week period. Plaintiff should send an inmate account statement that covers as much of the six-month period preceding the filing of his complaint as he can. If the La Crosse County Jail is unable to provide plaintiff with this information, he should send the court the jail's response. To do this, I will grant

him a brief extension of the deadline for submitting either his trust fund account statement or full payment of the filing fee.

Once plaintiff has submitted the necessary information, I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his complaint under 28 U.S.C. § 1915(e)(2). Plaintiff should show a copy of this order to jail officials to insure that they are aware they should send a copy of plaintiff's inmate account statement to this court.

## ORDER

IT IS ORDERED that plaintiff Thomas Jerome Fuselier may have until February 5, 2014, in which to submit a certified copy of his inmate account statement for as much of the period beginning approximately March 9, 2013 and ending approximately September 9, 2013 as he can. If, by February 5, 2014, plaintiff fails to respond to this order, I will assume that he wishes to withdraw this action voluntarily. In that event, the clerk of court is directed to close this case without prejudice to plaintiff's filing his case at a later date.

Entered this 16th day of January, 2014.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge