IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS JEROME FUSELIER,

                OPINION and ORDER

        Plaintiff,

v.                                                    13-cv-650-jdp[1]

LA CROSSE COUNTY,

        Defendant.

---

In this case, pro se plaintiff Thomas Fuselier, a resident of Taylor, Wisconsin, is proceeding on an Americans with Disabilities Act claim against defendant La Crosse County for failure to properly accommodate his disability to enable him to shower safely at the La Crosse County Jail while plaintiff was housed there. Currently before the court is defendant's unopposed motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies at the jail before filing this lawsuit. Because plaintiff has not responded to defendant's factual assertions made in support of their motion for summary judgment, I will accept these facts as undisputed. Fed. R. Civ. P. 56(e)(2). After considering defendant's undisputed facts, I conclude that plaintiff failed to exhaust his administrative remedies before filing this lawsuit, so the case must be dismissed without prejudice.

UNDISPUTED FACTS

The following facts are taken from defendant's summary judgment materials and the court's March 20, 2014 screening order, Dkt. 9.

Plaintiff Thomas Fuselier was incarcerated at the La Crosse County Jail from August 2, 2013 to December 3, 2013. Plaintiff states that he is an amputee who wears a prosthetic leg

---

[1] This case was reassigned to me pursuant to a May 16, 2014 administrative order. Dkt. 18.

from the knee. On August 6, 2013, plaintiff fell getting out of the shower on Cell Block S. Plaintiff filed the present lawsuit on September 16, 2013. However, at no time during plaintiff's incarceration did jail officials receive a grievance from plaintiff regarding the accessibility or safety of the showers or a request to use different showers. Plaintiff filed a grievance on August 13, 2013 regarding an alleged lack of toilet paper.

ANALYSIS

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a). Thus, on the face of this statute, plaintiff was required to exhaust his administrative remedies on his Americans with Disabilities Act claim. *See also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983"). Although plaintiff did not respond to defendant's motion, defendant must still carry its burden to show that summary judgment is appropriate. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994) ("Even if the opposing party completely fails to respond to a summary judgment motion, Rule 56(e) permits judgment for the moving party only *if appropriate*—that is, if the motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.") (original emphasis) (internal citations omitted).

After considering the facts adduced by defendant, I conclude that it has carried its burden. Although defendant does not explain the jail's internal grievance procedure in any detail, it does state that plaintiff filed a grievance about the lack of toilet paper. The only reasonable inference from this fact is that there were indeed administrative remedies "available"

2

to plaintiff following his fall. Because plaintiff failed to file a grievance about the accessibility or safety of the jail shower, this case must be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

ORDER

IT IS ORDERED that:

1. Defendant La Crosse County's motion for summary judgment based on plaintiff's failure to properly exhaust his administrative remedies, Dkt. 20, is GRANTED; plaintiff's Americans with Disabilities Act claim in this case is DISMISSED without prejudice.

2. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 10th day of December, 2014.

BY THE COURT:
/s/

JAMES D. PETERSON
District Judge